# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMANON SHANNON,** | : | CIVIL ACTION NO. 1:08-CV-1919 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **FRANKLIN J. TENNIS,** | : | |
| **PA ATTORNEY GENERAL,** | : | |
| Respondents | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on October 20, 2008, by petitioner Emanon Shannon ("Shannon"), an inmate currently incarcerated at the State Correctional Institution at Rockview in Bellefonte, Pennsylvania. (Doc. 1.) Shannon is challenging sentences imposed by the Court of Common Pleas of Dauphin County in 2006.

In response to the petition, respondents filed a motion for leave to file a partial answer to the petition (Doc. 15) and a partial response (Doc. 16). Shannon did not file a reply. Based upon review of the petition and response, the motion to file a partial answer will be granted and, for the reasons set forth below, the petition will be dismissed.

## I. Background

On March 10, 2006, following a jury trial held in the Court of Common Pleas of Dauphin County, Shannon was found guilty of two counts of Robbery, and one count each of Aggravated Assault, Kidnapping, Persons Not to Possess Firearms,

and Firearms - Carrying without a License. (Doc. 16-2, at 10-11.) On April 27, 2006, he was sentenced as follows: 1)to serve a period of incarceration of 540 months to 1080 months; 2) to pay fines totaling $600.00; and 3) to pay the cost of prosecution. (Doc. 16-2, at 10-11.) The sentences were ordered to run consecutive to one another. (Id.) He appealed his judgment of sentence to the Superior Court of Pennsylvania raising the following issues:

> Whether the Commonwealth failed to adduce sufficient evidence at trial to sustain its convictions where the evidence offered was contradictory, weak, and inconclusive?
>
> Whether the evidence adduced at trial resulting in the verdicts of guilt is so contrary to the evidence as to shock one's sense of justice where no forensic evidence was collected and the witnesses' testimony was weak, inconclusive and contradictory?
>
> Whether the trial court abused its discretion when it sentence [Shannon] to an aggregate term of 540 months to 1080 months incarceration without adequate consideration of mitigating factors such as defendant's age, character, and his rehabilitative needs?

(Doc. 16-2, at 50-51.) On August 21, 2007, the superior court affirmed the judgment of sentence. Shannon did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania. (Doc. 16-3, at 3.)

On November 16, 2007, he filed a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541 et seq. (Doc. 16-2, at 74.) On April 16, 2008, the PCRA court notified Shannon of its intent to dismiss his

petition.  Shannon filed an amended PCRA on August 12, 2008.[1]  On March 19, 2009, the PCRA court conducted an evidentiary hearing.  The petition, as amended, is still pending.

Shannon filed the instant petition on October 20, 2008, stating that, in imposing his sentences, the trial court violated his constitutional rights in relying on erroneous information contained in the pre-sentence investigation report.  (Doc. 1, at 5.)

**II. Discussion**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant.  See 28 U.S.C. § 2254(b)(1).  The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions.  See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

Shannon's PCRA petition is still pending in the state court.  Therefore, his petition will be dismissed without prejudice to his right to pursue federal habeas

---

[1] A copy of the petition has not been filed with this court.

corpus relief at the conclusion of the state collateral review process.[2]

III. **<u>Conclusion</u>**

Based on the foregoing, respondents' motion for leave to file a partial answer (Doc. 15) will be granted. The petition for writ of habeas corpus will be dismissed without prejudice. An appropriate order will issue.

                                                  S/ Christopher C. Conner
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge

Dated:       May 13, 2009

---

[2] Respondents argue that "because a claim for abuse of discretion in sentencing cannot be raised under the PCRA, and because the claim was not raised on direct appeal, and particularly in the manner required, the claim plainly is procedurally barred under state law." (Doc. 16-3, at 6.) The record before the court is insufficient to address this argument. More importantly, the PCRA proceedings are still pending.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMANON SHANNON,** | : | CIVIL ACTION NO. 1:08-CV-1919 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **FRANKLIN J. TENNIS,** | : | |
| **PA ATTORNEY GENERAL,** | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 13th day of May, 2009, upon consideration of the petition for writ of habeas corpus (Doc. 1), and respondents' motion for leave to file a partial answer (Doc. 15), and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that:

1. The motion for leave to file a partial answer to the petition for writ of habeas corpus (Doc. 15) is GRANTED.

2. The petition for writ of habeas corpus is DISMISSED without prejudice to petitioner's right to pursue federal habeas corpus relief at the conclusion of the state collateral review process.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge